UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

MANFRED BERNIER,

                Plaintiff,

-against-                                   9:17-CV-1376 (LEK/ATB)

THOMAS CARTER, *et al.*,

                Defendants.

## DECISION AND ORDER

**I.**     **INTRODUCTION**

Pro se plaintiff Manfred Bernier has brought this <u>Bivens</u>[1] action involving inadequate medical care that occurred while Plaintiff was incarcerated at Ray Brook, New York Federal Correctional Institution ("FCI Ray Brook") in the custody of the Federal Bureau of Prisons. Dkt. No. 1 ("Complaint"). Plaintiff has sued several prison officials at FCI Ray Brook: Lieutenant Thomas Carter, Correction Officer ("C.O.") Lucas King, C.O. Dickson, Warden Stephen Langford, Health Services Administrator Kim Burdo,[2] Deputy of Administration John Doe #1, and Captain of Security John Doe #2. <u>Id.</u>

Plaintiff asserts the following claims: (1) Eighth Amendment deliberate-medical-indifference claims against Carter, Langford, Burdo, John Doe #1, and John Doe #2 for delaying access to adequate medical care; (2) Eighth Amendment claims against Dickson and King for failing to prevent Carter's unconstitutional conduct; and (3) Eighth Amendment deliberate-

---

[1] <u>Bivens v. Six Unknown Narcotics Agents</u>, 403 U.S. 388 (1971).

[2] Although the Complaint lists this defendant's last name as "Burdt," the correct name is "Burdo." <u>Compare</u> Compl. <u>with</u> Docket.

medical-indifference claims against Langford, Burdo, John Doe #1, and John Doe #2 for "fail[ing] to correct, allow[ing] to continue, even endors[ing]" policies of "no emergency buttons in the cells," "no medical care available overnight," "staff rounds only every two hours overnight," and "sole discretion left to unprofessional security staff whether to call for an ambulance." Id. ¶¶ 26–34. Plaintiff seeks declaratory, injunctive, and monetary relief. Id. ¶¶ 36–39.

Carter, King, Langford, and Burdo (collectively, "Moving Defendants")[3] have moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedural 12(b)(6) for failure to state a claim upon which relief may be granted, or, in the alternative, pursuant to Rule 56(a) for summary judgment. Dkt. Nos. 38 ("Motion"); 38-2 ("King Affidavit"); 41-1 ("Moving Defendants' Memorandum"); 41-2 ("Moving Defendants' Statement of Material Facts" or "Moving Defendants' SMF").[4] Plaintiff opposes the Motion. Dkt. No. 42 ("Opposition").

On March 24, 2020, the Honorable Andrew T. Baxter, United States Magistrate Judge, issued a Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3 concerning Moving Defendants' Motion. Dkt. No. 43 ("Report-Recommendation" and "Order"). Judge Baxter recommended: (1) granting Moving Defendants' motion to dismiss or for summary judgment as to the claims against King, Langford, and Burdo; (2) granting Moving Defendants'

---

[3] As discussed further below, Plaintiff has yet to serve the Complaint upon Dickson and the John Doe defendants.

[4] Technically, Dkt. Nos. 41-1 and 41-2 are an amended memorandum and statement of material facts, respectively. Moving Defendants submitted these documents to correct a factual error in their original submissions regarding the location of Plaintiff's cell the night he purportedly suffered inadequate medical care. Compare Dkt. No. 38-1 and Dkt No. 38-3 with Dkt. No. 41-1 and Dkt. No. 41-2.

motion to dismiss or for summary judgment as to any claims relating to duress alarms or to staffing; and (3) denying Moving Defendants' motion to dismiss or for summary judgment as to Plaintiff's claim against Carter. R. & R. at 27–28.

Additionally, Judge Baxter observed that Plaintiff has yet to serve the Complaint upon Dickson and the John Doe defendants. Order at 26. Although he declined to recommend dismissal of Dickson and the John Doe Defendants, Judge Baxter ordered Plaintiff to "notify the [C]ourt in his objections (if any) to th[e] Report-Recommendation why [] Dickson and [the] John Doe defendants should not be dismissed from this action" for insufficient service. Order at 28.

Plaintiff did not file objections responding to the Magistrate Judge's Report-Recommendation or Order.

For the reasons that follow, the Court adopts the Report-Recommendation in part, rejects it in part, declines to dismiss Dickson, and dismisses the John Doe defendants without prejudice.

**II.   BACKGROUND**

The Court draws all facts, which are assumed to be true, from the Complaint. Bryant v. N.Y. State Educ. Dep't, 692 F.3d 202, 210 (2d Cir. 2012).

Around 1:00 AM on November 19, 2015, Plaintiff "jolted awake" from "excruciatingly intense, severe stabbing pains in the lower right side of [his] abdomen." Compl. ¶ 11. Unable to call for help because he was "delirious with pain" and because he did not have an "emergency medical alert button" in his cell, Plaintiff had his cell mate yell for assistance. Id. ¶¶ 12–13.

A half hour later, Dickson came to Plaintiff's cell, but told Plaintiff he could not unlock a cell door or call for medical assistance during an overnight shift "because only a lieutenant can make that call." Id. ¶ 14. Dickson then contacted Carter, but it took another thirty minutes for

him to arrive even though Plaintiff was in "sheer agony." Id. ¶ 15. Upon arriving at Plaintiff's cell with Dickson and King, Carter shined a flashlight through the cell door into Plaintiff's eyes. Id. ¶ 16. He then "bark[ed]" at Plaintiff that he would charge Plaintiff with a disciplinary violation if he were "faking" his illness. Id. Carter also told Plaintiff to stop his "fucking moaning" and "damn groaning" and to "man up." Id. Dickson and King just "smirk[ed]" and appeared "amused" while Carter insulted Plaintiff. Id. ¶ 17. Carter then told Plaintiff that he should "sign up for sick call in the morning." Id. ¶ 19. Before leaving, Carter stated, "You better not call for help again because if you make me return, there's going to be consequences." Id.

While waiting another five hours to attend sick call, Plaintiff thought he might die from "relentless pain." Id. ¶ 21. Dickson and King made "a couple more rounds over the [] five hour period[,] but d[id] nothing other than gawk at Plaintiff." Id. The next morning, Plaintiff notified an unidentified correction officer, who is not a party to this action, that he required immediate medical assistance. Id. ¶ 22. The officer arranged for an unidentified nurse, who is also not a party to this action, to examine Plaintiff. Id. The nurse sent Plaintiff to the hospital where he had emergency surgery for "strangulation of [his] intestines, an internal hernia, and a tumor." Id. ¶ 23.

### III. STANDARDS OF REVIEW

#### A. Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b). However, if no

4

objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014)).

### B. Rule 12(b)(6) Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (citing Twombly, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Put another way, a claim is plausible if it is supported by "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Twombly, 550 U.S. at 556. In assessing whether this standard has been met, courts "must accept all allegations in the complaint as true and draw all inferences in the light most favorable to the non-moving party[] . . . ." In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007) (internal citation omitted).

### C. Summary Judgment

Under Federal Rule of Civil Procedure 56(a), summary judgment may be granted only if all the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. A fact is "material" if it "might affect the outcome of the suit under the governing law" and is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; see also Selevan v. N.Y. Thruway Auth., 711 F.3d 253, 256 (2d Cir. 2013) (noting summary judgment is appropriate where the non-moving party fails to "come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on an essential element of a claim" (internal quotation marks omitted)).

## IV.   DISCUSSION

### A. Report-Recommendation

No objections were filed. Docket. Consequently, the Court has reviewed the Report-Recommendation for clear error. The Court finds none except as to its recommendation that the Court grant Moving Defendants' motion to dismiss or for summary judgment regarding Plaintiff's claim against King.

Plaintiff avers that King failed to "intervene" when Carter refused to call for medical assistance. Compl. ¶ 29. Relying on the King Affidavit and accompanying prison records, which suggest that King was not present at FCI Ray Brook in the early hours of November 19, 2015,

Judge Baxter concluded that there is no genuine issue of material fact as to whether King was "personally involved in any alleged denial of medical care." R. & R. at 14–15 (citing King Aff. ¶ 4; id. at 2–3 ("King Daily Assignments Log")). The Court finds that Judge Baxter committed clear error in concluding summary judgment is warranted as to Plaintiff's claims against King.

King attests that he "do[es] not know . . . [Plaintiff]" and that he did not arrive at FCI Ray Brook on November 19 until the start of his shift at 6:15 AM. King Aff. ¶ 4; King Daily Assignments Log. Additionally, he attests that, on November 19, Plaintiff was housed in a different unit of the prison than the unit to which he was assigned. Id. ¶ 5; id. at 4–5 ("Plaintiff's Housing Record"). In response to the King Affidavit, Plaintiff filed an affidavit pursuant to Rule 56(d) in which he requests discovery to show that King accompanied Carter to Plaintiff's cell during Plaintiff's medical emergency. See Opp'n at 10–11 ("Plaintiff's Affidavit") ¶ 1; see also id. at 8–9 ("Plaintiff's Response to Moving Defendants' SMF") ¶ 32 ("Further discovery is required, including camera footage and overtime records. King was on-shift as overtime.").

Rule 56(d) "provides, as interpreted by court opinions, that when a party facing an adversary's motion for summary judgment reasonably advises the court [via an affidavit or declaration] that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion." Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc., 271 F.3d 374, 386 (2d Cir. 2001).[5] Despite submitting a Rule 56(d) affidavit, Judge Baxter concluded that summary judgment is warranted as to King for two reasons. First, the King Affidavit

---

[5] As indicated in Commercial Cleaning Servs., Rule 56(d) was previously labeled as Rule 56(f). See Gomez v. City of White Plains, No. 13-CV-7750, 2014 WL 2210646, at *3 (S.D.N.Y. May 23, 2014).

"specifically states that [King] did not enter the institution prior to the start of [King's] regularly scheduled shift." R. & R. at 15 (internal quotation marks omitted). Second, Plaintiff "never mentioned King in his grievance as having been involved in defendant Carter's alleged conduct." Id.[6]

To put Judge Baxter's first explanation slightly differently, King is entitled to summary judgment because there is unrebutted evidence that King could not have been present for Plaintiff's medical emergency. This reasoning, however, is problematic in several ways. First, Plaintiff has in fact submitted evidence to rebut the King Affidavit: his Complaint. While a Complaint normally may not be considered evidence on summary judgment, a verified complaint, such as Plaintiff's, "is to be treated as an affidavit for summary judgment purposes, and therefore will be considered in determining whether material issues of fact exist . . . ." See Cantey v. Martuscello, No. 17-CV-284, 2020 WL 1030646, at *1 (N.D.N.Y. Mar. 3, 2020) (Kahn, J.) (quoting Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995)); Compl. The Complaint suggests King was present during Plaintiff's medical emergency, while the King Affidavit suggests the opposite. Compare Compl. with King Aff. However, "[r]esolving the discrepancy between the parties' competing evidence would require the court to undertake a credibility determination that is not appropriate on summary judgment." See Telesford v. Tamer, No. 14-CV-1209, 2016 WL 11480163, at *4 (N.D.N.Y. Aug. 31, 2016) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)), report and recommendation adopted by No.

---

[6] Plaintiff filed a grievance in which he alleged that FCI Ray Brook "staff" alerted Carter to Plaintiff's November 19, 2015 medical emergency. Dkt. No. 7 ("Plaintiff's Grievance Records") at 5 ("February 2016 Grievance"). Plaintiff subsequently identified King as one of the "staff" members in his Complaint. See Compl. ¶¶ 16–17, 21.

14-CV-1209, 2016 WL 5338083 (N.D.N.Y. Sept. 23, 2016); Kaytor v. Electric Boat Corp., 609 F.3d 537, 545 (2d Cir. 2010) ("In reviewing the evidence and the inferences that may reasonably be drawn, the court may not make credibility determinations or weigh the evidence." (emphasis and internal quotation marks omitted)).

Furthermore, even if Plaintiff did not have evidence at this stage to rebut the King Affidavit, the parties have not taken discovery in this suit. See Opp'n at 3. For instance, Plaintiff has not yet been given an opportunity to depose King to "test the veracity of the 'undisputed' facts set forth in [the King Affidavit]." See V.W. by & through Williams v. Conway, 236 F. Supp. 3d 554, 580 (N.D.N.Y. 2017). And perhaps, as Plaintiff suspects, there may be footage or other records indicating King was present for Plaintiff's medical emergency. "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000). This is not one of those rare cases. Cf. Levy v. Town of N. Hempstead, No. 12-CV-1777, 2013 WL 5276559, at *1 n.1 (E.D.N.Y. Sept. 18, 2013) (noting that "this is one of those rare cases" under Hellstrom because the defendants had shown that they "have no connection to [the] case"). Hence, the Court must deny Moving Defendants' motion for summary judgment on Plaintiff's claims against King. See Kelly v. Tan, No. 11-CV-6614, 2013 WL 4811913, at *4 (W.D.N.Y. Sept. 10, 2013) ("[T]he Court is mindful that no discovery has yet taken place in this action . . . the Court could deny the motion on this basis alone . . . ."); Trebor Sportswear Co. v. The Ltd. Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989) (Noting that under Rule 56(d) "summary judgment may be inappropriate where the party opposing it shows . . . that [it] cannot at the time present facts essential to justify [its] opposition. The nonmoving party

should not be 'railroaded' into [its] offer of proof in opposition to summary judgment. The nonmoving party must have had the opportunity to discover information that is essential to [its] opposition to the motion for summary judgment." (internal quotations and citations omitted)).[7]

Judge Baxter's second explanation for granting summary judgment on Plaintiff's claim against King—that Plaintiff failed to identify King in his February 2016 Grievance—is also problematic for two reasons. First, the relevance of that grievance here is to whether Plaintiff has exhausted his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), not to whether Plaintiff should be entitled to discovery regarding the individuals and conduct described in the grievance. Moreover, the Magistrate Judge, having acknowledged that "Plaintiff is not required to name all responsible parties in a grievance in order to exhaust his claims . . .," concludes that Plaintiff exhausted his administrative remedies as to his claim against King even though King is not specifically identified in the grievance. R. & R. at 9–10 (citing Albritton v. Morris, No. 13-CV-3708, 2018 WL 1609526, at *10–11 (S.D.N.Y. Mar. 29, 2018); Feb. 2016 Grievance). To find that Plaintiff has adequately exhausted his administrative remedies regarding his claims against King (even though King is not mentioned in the February 2016 Grievance), only to then dismiss that claim on summary judgment for failing to identify King in the grievance, results in a manifestly unfair outcome for Plaintiff.

---

[7] Trebor Sportswear also refers to Rule 56(f), the predecessor to Rule 56(d).

The Court therefore rejects the Report-Recommendation as to its recommendation that the Court grant summary judgment in favor of King.[8] It, however, adopts the remaining portions of the Report-Recommendation.

**B. Order**

Judge Baxter ordered Plaintiff to explain in his objections why Dickson and the John Doe defendants should not be dismissed from this case even though Plaintiff has yet to serve them. Order at 28. Although Plaintiff failed to respond to the Report-Recommendation and Order, the Court declines at this time to dismiss Dickson. However, the Court does dismiss the John Doe defendants without prejudice.

*1. Dickson*

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rule 4(m).

---

[8] The Court notes that the Report-Recommendation technically recommended granting Moving Defendants' Motion on either 12(b)(6) or summary judgment grounds. R. & R. at 27. Moving Defendants have solely argued that Plaintiff's claim against King must be dismissed because it is "objectively impossible" for King to have been personally involved in any deprivation of Plaintiff's constitutional rights. Moving Defs.' Mem. at 9. Since, as discussed above, the Court has rejected this argument, the Court will not dismiss Plaintiff's claim against King for failing to state a claim upon which relief may be granted.

Plaintiff filed the Complaint on December 21, 2017, which is over ninety days ago. Because, as discussed below, the Court finds that Plaintiff has shown good cause for his failure to serve Dickson, the Court will extend the time period in which Plaintiff must serve him.

"Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond [his] control." Jordan v. Forfeiture Support Assocs., 928 F. Supp. 2d 588, 597–98 (E.D.N.Y. 2013) (quoting Beauvoir v. U.S. Secret Serv., 234 F.R.D. 55, 56 (E.D.N.Y. 2006)). "The Second Circuit has held that as long as the prisoner [proceeding in forma pauperis ("IFP")] provides the information necessary to identify the defendant, the Marshal's failure to effect service automatically constitutes good cause for an extension of time within the meaning of Fed. R. Civ. P. 4(m)." Chaney v. Vena, No. 15-CV-653, 2016 WL 9687496, at *4 (N.D.N.Y. Dec. 27, 2016) (citing Murray v. Pataki, 378 F. App'x 50 (2d Cir. 2010)), report and recommendation adopted by No. 15-CV-653, 2017 WL 4180017 (N.D.N.Y. Sept. 20, 2017).

Here, the Magistrate Judge ordered the United States Marshal to serve the Complaint upon Defendants because Plaintiff is proceeding IFP. See Dkt. No. 5 ("March 2018 Decision and Order") at 6. The Marshal, however, has been unable to serve Dickson to date because Dickson no longer works for the BOP and the U.S. Attorney does not have his current address on file. See Dkt. Nos. 15 ("Service Records") at 3; 27 ("July 2019 Status Report") at 1–2.

Although Judge Baxter states that the "responsibility" for locating Dickson lies solely with Plaintiff, R. &. R. at 26, "it is 'unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer

work at the prison.'" Murray, 378 F. App'x at 52 (quoting Richardson v. Johnson, 598 F.3d 734, 739–40 (11th Cir. 2010)).

Consequently, because Plaintiff has demonstrated good cause for failing to serve the Complaint upon Dickson, the Court will provide Plaintiff with another ninety days to serve him.

### 2. *John Doe Defendants*

In the Report-Recommendation, the Magistrate Judge recommended dismissing Plaintiff's claims against the Johns Doe defendants for the same reasons that he recommended dismissal of those claims against Langford and Burdo. R. & R. at 27.

First, Judge Baxter found Plaintiff failed to exhaust his administrative remedies against Langford and Burdo regarding their failure to install emergency alert buttons and to properly staff FCI Ray Brook. While Plaintiff did file a grievance in which he alleged that FCI Ray Brook "staff" alerted Carter to Plaintiff's November 19, 2015 medical emergency, Feb. 2016 Grievance, he did not file any grievances notifying prison officials of the lack of emergency alert buttons and staffing. Hence, the Court finds no clear error in the Magistrate Judge's recommendation to dismiss Plaintiff's claims against Langford and Burdo regarding the lack of emergency alert buttons and staffing for Plaintiff's failure to exhaust his administrative remedies.

Judge Baxter also recommended dismissal of any claims Plaintiff may have brought against Langford and Burdo for delaying access to medical care because "Plaintiff does not claim that either of these defendants were present during, or otherwise personally involved in, Plaintiff's November 19 medical emergency." R. &. R. at 14. Since Plaintiff does not include any allegations to suggest Langford and Burdo were personally involved in any deprivation of

Plaintiff's right to adequate medical care, the Court also finds no clear error in this recommendation.

Therefore, the Court dismisses Plaintiff's claims against Langford and Burdo for failing to state a claim upon which relief may be granted.

Plaintiff brings identical claims premised on identical allegations against the John Doe defendants. Compl. ¶¶ 33–34. Hence, the Court concludes that Plaintiff's claims against them must be dismissed under Rule 12(b)(6) for the same reasons Judge Baxter recommended dismissal of Plaintiff's claims against Langford and Burdo.

V.     **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 43) is **REJECTED in part** to the extent that it recommended the Court dismiss Plaintiff's claim against King. The Report-Recommendation is otherwise **APPROVED and ADOPTED**; and it is further

**ORDERED**, that Moving Defendants' Motion is **GRANTED in part**. Plaintiff's claims against Langford, Burdo, John Doe #1, and John Doe #2 are **DISMISSED without prejudice** for failing to state a claim upon which relief may be granted; and it is further

**ORDERED**, that Moving Defendants' Motion is otherwise **DENIED**; and it is further

**ORDERED**, that Langford, Burdo, John Doe #1, and John Doe #2 are **TERMINATED** as defendants in this action; and it is further

**ORDERED**, that Plaintiff must serve Dickson within **ninety** days of the date of this Decision and Order, or later with good cause shown. Because Plaintiff is proceeding IFP, the

Clerk shall once again issue a summons for Dickson and forward it, along with a copy of the Complaint, to the U.S. Marshal for service on Dickson; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	May 01, 2020
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge